[Civ. No. 3831.  Second Appellate District, Division Two.—May 17, 1922.]

## A. E. WINGARD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—COMPUTATION OF WEEKLY BENEFIT—TEMPORARY EMPLOYMENT PAYING DAILY WAGE. — Compensation for injuries received by an employee while temporarily working in an employment paying a daily wage which was less than the wage in his ordinary employment was properly computed, under paragraph 4 of subdivision a of section 12 of the Workmen's Compensation Act, on the basis of the wage which he was receiving at the time of the injury, in the absence of any evidence of the daily earnings of an employee of the same class working for the time provided in paragraph 2 in the same or a neighboring place.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.  Award affirmed.

The facts are stated in the opinion of the court.

Courtney A. Teel for Petitioner.

A. E. Graupner and W. H. Pillsbury for Respondents.

WORKS, J.—An award was made in petitioner's favor under an application to respondent Accident Commission for an allowance of compensation under the Workmen's Compensation, Insurance and Safety Act because of injuries received by petitioner on April 16, 1921, and while working as an employee of respondent Shipbuilding and Drydock Company, hereinafter referred to as the employer. Petitioner by the present proceeding asks us to review the action of the Accident Commission on the ground that the

"Average weekly earnings," under Workmen's Compensation Act, of workman employed by several employers, note, L. R. A. 1916A, 373.

Meaning of phrase "average weekly earnings" in Workmen's Compensation Act, notes, Ann. Cas. 1913D, 1024; Ann. Cas. 1914C, 186; Ann. Cas. 1916B, 519; Ann. Cas. 1916C, 892; Ann. Cas. 1916D, 729; Ann. Cas. 1918B, 640; Ann. Cas. 1918E, 1054.

compensation allowed by the award was less than petitioner should have received under the law.

One of the contentions of petitioner is that a certain weekly benefit allowed by the award was computed upon an improper basis. For a long time petitioner had been in the service of the employer as a riveter at a daily wage of six dollars and forty cents. This employment was interrupted by an illness which was suffered by petitioner and which kept him away from the plant of the employer for a week. On the Monday following this absence he appeared at the place, but asked, on the ground that his strength was not fully restored, that he be put to work temporarily as a rivet passer, that employment paying a daily wage of but four dollars and sixteen cents. Petitioner's request was granted and he immediately began work in the capacity which called for this lesser wage. He continued in that line of work until Saturday of the same week, by which time it had become understood that he was to return to his ordinary employment as a riveter on the succeeding Monday. On that last day of his service as a rivet passer, however, that is, on the Saturday mentioned, petitioner suffered the injury because of which he asked respondent Accident Commission to allow him compensation. In awarding him a weekly benefit that body computed it upon the basis of his daily wage of four dollars and sixteen cents instead of upon the daily wage of six dollars and forty cents, as petitioner contends should have been done.

The solution of this question depends upon a construction of portions of section 12 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831; Deering's Consolidated Supplement to Gen. Laws, 1917–21, Act 2143c). The section provides, under subdivision (a), as follows:

"(1) If the injured employee has worked in the same employment, whether for the same employer or not, during at least two hundred sixty days of the year preceding his injury, his average weekly earnings shall consist of ninety-five per cent of six times the daily earnings at the time of such injury where the employment is for six full working days a week. Where his employment is for five, five and one-half, six and one-half or seven working days a week, the average weekly earnings shall be ninety-five per

cent of five, five and one-half, six and one-half or seven times the daily earnings at the time of the injury, as the case may be.

"(2) If the injured employee has not so worked in such employment during at least two hundred sixty days of such preceding year, his average weekly earnings shall be based upon the daily earnings, wage or salary of an employee of the same class working at least two hundred sixty days of such preceding year in the same or a similar kind of employment in the same or a neighboring place, computed in accordance with the provisions of the preceding subdivision.

"(3) If the earnings be irregular or specified to be by the week, month, or other period, then the average weekly earnings mentioned in subdivisions (1) and (2) above shall be ninety-five per cent of the average earnings during such period of time, not exceeding one year, as may conveniently be taken to determine an average weekly rate of pay.

"(4) Where the employment is for less than five days per week or is seasonal or where for any reason the foregoing methods of arriving at the average weekly earnings of the injured employee can not reasonably and fairly be applied, such average weekly earnings shall be taken at ninety-five per cent of such sum as shall reasonably represent the average weekly earning capacity of the injured employee at the time of his injury, due consideration being given to his actual earnings from all sources and employments during the year preceding his injury; provided, that the earnings from other occupations shall not be allowed in excess of the rate of wages paid at the time of the injury."

The parties to this proceeding agree that neither paragraphs (1) nor (3) apply to the question we now consider, petitioner insisting that the point is controlled by paragraph (4) and respondents contending that paragraph (2), the one followed by respondent Accident Commission in making its award, is to govern our decision. We are convinced that the view of respondents is the correct one, if all factors contemplated by paragraph (2) may be found in the record. It is obvious that the clauses "If the injured employee has worked in the same employment" and "If the injured employee has not so worked in such em-

ployment," which are the opening words of paragraphs (1) and (2), respectively, refer to the employment in which an employee is engaged at the time of his injury. That employment in the present instance, as we have already observed, was that of a rivet passer. Taking the meaning which we have ascribed to the quoted clauses as a premise and looking now to paragraph (2) in an endeavor to ascertain its applicability to the present situation, we have only to determine, except for a consideration hereafter to be mentioned, whether rivet passers worked at the city of Long Beach, where petitioner was injured, or in a neighboring place, at least 260 days of the year preceding petitioner's injury. We are pointed to nothing in the record on this question, but that fact need give us no concern, for the particular point may be settled under the law of judicial notice. We know that both riveters and rivet passers have been employed continuously for many years in Los Angeles, which is less than twenty-five miles distant from Long Beach, in the erection of steel structures for large buildings. Even if there be a difference between that employment and the work of riveters and rivet passers in shipbuilding, a fact as to which we are not actually informed, we know that such workmen have been at work continuously for several years in the building of ships at Long Beach itself and at San Pedro, distant less than ten miles from the former city. That we may take judicial notice of such facts as these is attested by the opinion of the supreme court in *Ex parte Kohler,* 74 Cal. 38 [15 Pac. 436]. Having progressed so far we come now to another matter—and this is the consideration to which we have referred above. Paragraph (2) contemplates the basing of the average weekly earnings of an injured employee upon the daily earnings of an employee of the same class in the same or a neighboring place extended over the period of time mentioned in the statute. The record here shows nothing upon the question as to what the daily earnings of such an employee were during 260 days within the year preceding the injury to petitioner, either in Los Angeles, San Pedro, or Long Beach. To this extent, then, respondents have failed to bring the case within the terms of paragraph (2). On account of this fact neither paragraphs (1), (2), nor (3) apply and we are bound to fall back

upon paragraph (4). It will be observed that under the last-mentioned paragraph, "where for any reason the foregoing methods," that is, those defined in paragraphs (1), (2), and (3), "of arriving at the average weekly earnings of an injured employee can not reasonably and fairly be applied," certain average weekly earnings shall be taken as a basis for the computation, "provided, that the earnings from other occupations shall not be allowed in excess of the rate of wages paid at the time of the injury." The language of this proviso undoubtedly refers to the wages paid at the time of the injury to the injured employee. As the finding of respondent Accident Commission was based upon the exact wage paid to petitioner at the time of his injury the requirement of the proviso seems to have been met precisely. [1] We are satisfied that the finding of respondent Accident Commission fixing the weekly benefit allowed petitioner was computed upon the proper basis.

The next contention made by petitioner arises under section 9 of the Workmen's Compensation Act. The section provides that, where liability for compensation exists, the employer shall furnish "such medical, surgical and hospital treatment . . . as may reasonably be required to cure and relieve from the effects of the injury." The section also provides that "in case of his neglect or refusal reasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in providing the same." Some time after petitioner was injured his parents removed him from the hospital in which he had been placed by the employer, that hospital being the place to which the employer regularly sent its injured employees for treatment, to another hospital, and there placed him under medical care other than that which had been provided for him by the employer at the first hospital. The reason assigned for the removal was that petitioner had not received proper care and attention up to the time of the removal. Respondent Accident Commission refused to allow petitioner his medical and hospital expenses after the removal on the ground that there was a conflict of the evidence as to conditions existing in the hospital in which the employer had placed him, that conflict being resolved against petitioner. We have read carefully all the evidence

heard by the Accident Commission and referred to by counsel as bearing on the point presented—and it comprises a great part of the entire evidence taken in the proceeding—and conclude that the commission arrived at a correct solution of the question. The major parts of the evidence which petitioner aimed at the hospital management and at the conduct of the hospital physicians and nurses met with direct contradiction in the opposing testimony.

We cannot say from the uncontradicted items of the evidence on the subject that the removal of petitioner from the first hospital in which he was placed was justified; that is, we cannot say that those items show that the employer either neglected or refused to furnish to petitioner such medical, surgical, and hospital treatment as was reasonably required to cure and relieve from the effects of the injury which he had suffered. The propriety of this conclusion seems so manifest to us that we do not feel called upon to recite the somewhat voluminous evidence bearing upon the question.

Award affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1922.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.*, was acting.